IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Caroline Tower, ) | C/A No. 3:17-165-TLW-PJG | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | **ORDER** | |
| ) | | |
| Richland County; Judith Ann Carter, *in her* ) | | |
| *Individual Capacity*, ) | | |
| ) | | |
| Defendants. ) | | |
| _____ ) | | |

This action was removed by the defendants from the Richland County Court of Common Pleas on January 19, 2017. Specifically, the defendants assert that the action presents a federal question. However, upon review of the Complaint, the court is concerned that it may lack jurisdiction over this matter because the only federal claim raised in the Complaint appears to be patently without merit under Lissau v. Southern Food Service, Inc., 159 F.3d 177 (4th Cir. 1998). See Hagans v. Lavine, 415 U.S. 528, 536-37 (1974) (explaining that federal district courts are prohibited from exercising subject matter jurisdiction over claims that are "so attenuated and unsubstantial as to be absolutely devoid of merit," "obviously frivolous," "plainly unsubstantial," or "no longer open to discussion") (internal quotations omitted); Holloway v. Pagan River Dockside Seafood, Inc., 669 F.3d 448, 452-53 (4th Cir. 2012) (finding that a federal court lacks subject matter jurisdiction over a complaint raising claims " 'so insubstantial, implausible . . . or otherwise completely devoid of merit as not to involve a federal controversy' ") (citation omitted); Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999) ("The mere assertion of a federal claim is not sufficient to obtain jurisdiction under 28 U.S.C. § 1331. . . . Federal jurisdiction requires that a party assert

PJG

a *substantial* federal claim.") (internal quotation marks & citation omitted); see also Lissau, 159 F.3d at 181 ("We . . . reiterate that supervisors are not liable in their individual capacities for Title VII violations."). Based on the foregoing, the court requests further briefing on this issue. It is hereby

**ORDERED** that the parties shall have until **February 27, 2017** to file a memorandum of law addressing whether the court has jurisdiction over this removal action since the sole federal claim asserted—a Title VII claim against the individual defendant in her individual capacity—appears to be precluded by Lissau and therefore absolutely devoid of merit.

**IT IS SO ORDERED**.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

February 13, 2017
Columbia, South Carolina